## THE PUBLIC ADMINISTRATOR *vs.* BURDELL.

*In the matter of the Estate of* HARVEY BURDELL, *deceased.*

THE Public Administrator, in whose charge the personal property of the deceased has been placed, pending a contest on the grant of letters of administration, will be allowed to sell such portion of the assets, as may be necessary for the preservation and benefit of the estate.

Although if there be a clear outstanding legal title adverse to the estate, the court might refuse an order for the sale; yet, if there be reasonable cause for doubt, the proper course is to permit the sale, and let the question be tested by the court having jurisdiction of the subject-matter. If the alleged adverse interest be well founded, the party has an adequate remedy in the courts of law.

A. B. TAPPEN, *for the Public Administrator.*

CHARLES EDWARDS,
S. J. TILDEN, *for next of kin.*

H. L. CLINTON,
B. C. THAYER, *for Claimant.*

THE SURROGATE.—The Public Administrator, in whose charge the personal property of the deceased has been placed, pending a contest on the grant of letters of administration, has applied to the court for permission to sell the furniture

of the intestate, remaining at his late residence, Number 31 Bond street. This motion is resisted by the counsel of the party claiming as the intestate's widow, on the ground that by virtue of a lease, bearing date the 19th day of March, 1856, she is entitled to the use of a portion of the furniture, until the first day of May next. This paper has been submitted to my inspection, and I find that an attempt has been made to obliterate seven and a half lines of the document. It does not appear at what time or by what person this was done. A portion of the matter may still be deciphered; but, if my reading be correct, it does not sanction the idea that any part of the furniture was in terms covered by the lease. Parol proof was offered to show the original contents of the instrument, and the witness produced for this purpose testified that it demised "the whole house, excepting the second story," and "included the privilege of using all the furniture in the back parlor." On cross-examination, however, she stated, she did not recollect that the lease said anything "about parlors or furniture therein;" but she had heard conversations, between the lessor and lessee, to the effect that the latter "should have the use of the furniture," or "had the use of the parlors."

It is obvious, then, that the evidence fails to supply the contents of the obliterated instrument. The witness thinks that the paper produced was formerly in the possession of the lessee, and its history from that time has not been traced. Under such circumstances, the collector who represents the estate resists this adverse claim. Although I might be justified in refusing to direct a sale, when a clear adverse title is established, yet, if there be reasonable cause for doubt, the proper course is to let the question be tested by courts having jurisdiction of the subject-matter. Such was my decision upon a motion somewhat analogous, in the matter of the probate of the will of Henry Parish. The Public Administrator is responsible for this property, and he has had a person placed in charge of it for several weeks. I think it is my duty to order its sale, for the preservation and benefit of the

estate.   There is no other disposition authorized by the terms of the statute regulating the powers of collectors, and there is no good reason for embarrassing the officer with an unusual disposition of the effects by renting, or for retaining the property in its present locality, at considerable expense, and without any possible advantage.   If the alleged interest in its temporary use until the first of May, be well founded, the claimant has an adequate remedy in the courts of law.   An order must therefore be entered granting the application.