NEW YORK COUNTY—HON. GIDEON J. TUCKER, SURROGATE—March, 1863.

## LIBBY *v.* CHRISTY.

*In the Matter of the Petition of the Collector of the Estate of* EDWIN P. CHRISTY, *deceased.*

On a petition by a special collector appointed during a contest on the probate of a will, for an order directing the sale of certain personal property alleged to belong to the estate, it appeared that the property in question was in the actual possession of a person claiming to be the widow of the decedent, who also claimed title to it on the ground that she had loaned the decedent the money with which the property was purchased.

*Held,* 1. That the paper propounded as the decedent's will, could not be resorted to for evidence as to the title.

2. Without trying the absolute title of the property, the surrogate must determine the probable ownership.

3. Although the probable title was in the estate, yet the surrogate would not order a sale of property which was not actually in the hands of the representative of the estate; but would direct the collector to bring suit to test the title.

The facts fully appear in the opinion.

JOHN C. VAN LOON, *for Collector.*

A. W. BRADFORD *and* P. G. CLARK, *for Mrs. M. A. M. Christy.*

SAMUEL JONES *and* C. K. SMITH, *for Mrs. Harriet E. Christy and E. B. Christy.*

THE SURROGATE.—The collector of the estate, in his petition, sets forth that among the articles inventoried as assets

of the estate, are the household furniture, pictures, paintings, &c., now in the house occupied by E. P. Christy at the time of his death, and appraised at $2,662; that said house is occupied by a person named, in what purports to be the will of said Christy, as his wife; that more than forty days have elapsed since Christy's death; that, in the judgment of the collector, it is necessary, for the preservation and benefit of said estate, to sell said property, unless the same be amply secured to said collector; that he is, and has been, since his appointment as collector, obliged to keep a man hired to watch said property, at an expense of two or three dollars per day; that, in its present position, said property is not secure; that the collector has no safe place to keep the same, except at a great pecuniary expense to the estate; and he therefore prays that he be directed to sell said property.

These statements are met by an affidavit of Mary Ann Maples Christy, who alleges that she is the widow of the decedent; that she had no knowledge, nor was she aware that the appraisers and collector, or either of them, had any intention to inventory the furniture, pictures, paintings, &c., now in the house occupied by her, till the said appraisers and collector came to the house to take the same; that she was not privy in any manner to the making of said inventory; and that at said time she caused the said appraisers and collector to be informed that the said furniture, pictures, paintings, &c., belonged to and were owned by her; that at or about the time she and the said Edwin P. Christy, deceased, commenced housekeeping at No. 96 Grand-street, in said city, she loaned to said Edwin P. Christy the sum of about ten thousand five hundred dollars; that five thousand five hundred dollars thereof were the proceeds of the sale of real estate she owned in Philadelphia, and the balance was money she had on deposit in savings banks; that all of said furniture, &c., was purchased with her said money, and the same was insured in her name during the lifetime of said Edwin P. Christy, and with his knowledge and assent, and the same is now insured in her name. She further says, that

she purchased a house with her own money, and in her own name, and that immediately after she took possession of said house, and had removed thereto the furniture, &c., contained in the house No. 96 Grand-street, and that she has ever since said time occupied said house so conveyed to her as aforesaid; that she is abundantly responsible, has no family, and, the said furniture is but little used, and is not in any sense perishable, and will be better preserved by remaining where it is than by storing it; that said furniture, pictures, paintings, &c., would be sacrificed at less than their value, if sold at auction; and that the estate will be neither preserved nor benefited by said sale; that the said furniture, &c., are entirely secure, and she has no intention to remove them, but means to continue her residence in said house, and retain possession of said property there, until this case is terminated by a judicial decision, if not longer.

I may refer, in addition to these statements of the deponent, to that of her counsel in court, that she would consent neither to secure to the collector the value of this personal property, nor to yield up its actual possession, without the judgment of a court of record.

The paper propounded as the will of E. P. Christy is before me, and its admission to probate is contested in this court by Mrs. Harriet E. Christy, also claiming to be the widow of E. P. Christy, and by E. Byron Christy, claiming to be his son. In this alleged will, the property in question is mentioned; but as the will is not yet admitted to probate, I cannot look into that instrument for evidence upon which to act.

I cannot try the title to this property (*Will. on Ex.*, 221; *Dayton on Surr.*, 231); and yet I am unable intelligently to give directions to the collector, without incidentally looking into the question of probable ownership. Thus, if there appear to be "a clear outstanding title against the estate" (*Public Administrator* v. *Burdell*, 4 *Bradf.*, 252), I ought not to interfere on behalf of the estate. But "if there is a reasonable cause for doubt," as the learned surrogate re-

marked in the estate of Harvey Burdell (*ut supra*), " the proper course is to permit the sale, and let the question be tested by the court having jurisdiction of the matter.

In this case, I feel compelled to say I do not perceive any " clear, outstanding title against the estate." Mrs. Mary Ann Maples Christy swears that she loaned the decedent the money with which the furniture was purchased; and she thus (even if her testimony were admissible under the Code, as to a transaction between herself and the decedent) establishes only, at most, a debt from the estate to her for the loan. It is true that she swears she informed the collector that the furniture was hers, but she does not swear that it *is* hers. The evidence she presents would not support her claim to the ownership of this furniture in a trial at law.

Nor does Mrs. Christy, in her affidavit or otherwise, claim title to this property by gift in the lifetime of the decedent. In this respect her claim is not as strong as that made by Mrs. Parish (*Delafield* v. *Parish*, 4 *Bradf.*, 24), where the surrogate gave leave to the collector to bring suit for the recovery of certain stocks and securities, standing in the widow's name, and claimed as her individual property. Mrs. Parish swore that these were gifts; Mrs. Christy does not allege any legal title whatever, but merely avers that she has possession and "means to retain it."

But the present case resembles that of the Parish estate, in this particular: that the property claimed by the widow, or the person assuming to be the widow, is in the actual custody and possession, not of the collector, but of herself. The collector in the Parish estate would not have been able to expose the articles to sale, without first trying title, had he been directed by the surrogate to sell them for the benefit of the estate. It is so in this instance: the counsel has announced that possession of the furniture, &c., will not be yielded up to the collector without a trial at law. It was otherwise in the Burdell case, where the collector appears to have had the property actually in his custody: the claimant was in prison, and no suit was necessary.

I am not disposed to make an order for the sale of what is not actually in the hands of the representative of the estate, although the probable title is in the estate. Such an order would not add to the powers or the security of the collector. He would still have to await the decision of a court of jurisdiction competent to award the title.

The proper way, doubtless, is to direct the collector to bring suit to test the title. This he has already, by the statute, power to do, without any direction; but the latter will be an absolute evidence of his good faith, and his warrant for the proceeding.

Should the will go to probate, such a suit would abate; while if probate be denied, it would, if undetermined, pass over to the permanent administrator of the estate.

Should the estate succeed in it, I will then consider the propriety of the sale.